UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                              :

NEW WORLD EXPEDITIONS, LLC,       :

                         Plaintiff,       :

                                              :      07 Civ. 225 (GEL)

   -v.-                                 :

                                              :      **OPINION AND ORDER**

OCCIDENTAL HOTELS MANAGEMENT, S.A. :
COSTA GRANDE, S.A., and SUNSEA PLACE :
LTD.,                                       :

                       Defendants.     :

------------------------------------------------------------x

GERARD E. LYNCH, District Judge:

      Plaintiff New World Expeditions, LLC, a travel agency that organizes and sells kosher-food vacation packages to clients traveling to foreign destinations filed this action in January 2007, claiming damages for negligence, breach of contract, and false advertising.[1] (Compl. ¶ 5.) Specifically, plaintiff claims that defendants, who plaintiff contends operate a hotel in the Dominican Republic, failed to fulfill its commitments with respect to a contract for the exclusive use of the defendants' hotel for plaintiff's vacation-package customers. (Id.)

      Three defendants are named in the complaint. Costa Grande, which actually owns the hotel, has not been served. Sunsea Place ("Sunsea"), a Nevis corporation, which allegedly manages and operates the hotel, and Occidental Hotels Management ("Occidental"), a Spanish corporation that appears in some way to franchise or brand hotels including the hotel in question, have moved to dismiss for lack of personal jurisdiction. Plaintiff, essentially conceding that this Court lacks personal jurisdiction over the case, cross-moves to transfer the case to the United States District Court for the Southern District of Florida, where plaintiff now contends jurisdiction over the defendants can be had. The motion to dismiss will be granted as to Sunsea and denied as to Occidental, and the cross-motion to transfer will be granted as to Occidental and denied as to Sunsea.

      Plaintiff does not contest the moving defendants' contention that they have no significant contacts with New York, and that the contract at issue was not made in New York. Accordingly,

---

[1] At the time this action was filed, plaintiff was an entity known as Club Kosher LLC. Plaintiff subsequently filed Articles of Amendment with the Connecticut Secretary of State changing its name to New World Expeditions, LLC.

the motion to dismiss for lack of personal jurisdiction must be granted, unless plaintiff's proposed alternative of transferring the case to Southern District of Florida is appropriate. Both sides concede that a court may transfer a case even if the transferor court lacks personal jurisdiction, but it may only transfer the case to a district in which personal jurisdiction would exist. The question, therefore, is whether plaintiff has established that personal jurisdiction would exist in the Southern District of Florida.

The parties contest the appropriate standard for resolving this question. Plaintiff, citing CutCo Industries, Inc. v. Naughton, 806 F.2d 361 (2d Cir. 1986), argues that it need only establish a prima facie case of personal jurisdiction. Defendants, relying on Volkswagenwerk Aktiengesellschaft v. Beech Aircraft Corp., 751 F.2d 117 (2d Cir. 1984), contend that, because plaintiff was granted the opportunity to engage in jurisdictional discovery – an opportunity of which it apparently failed to avail itself – jurisdiction must be established by a preponderance of the evidence.

Plaintiff has the better of the argument. In Volkswagenwerk, the district court had conducted a hearing and made findings on the jurisdictional issue. In this context, the Second Circuit rejected the application of the prima facie standard of proof:

> It is true that, when the issue is decided initially on the pleadings and without discovery, the plaintiff need show only a prima facie case. However, if that initial decision is contested, the plaintiff must then prove, following discovery, *either at a pre-trial hearing or at trial*, that jurisdiction exists by a preponderance of the evidence. Given that the district court permitted substantial discovery, [plaintiff] must now be held to the preponderance burden.

751 F.2d at 120 (emphasis added).

In CutCo, however, the Court of Appeals made explicit what is implicit in the italicized portion of the Volkswagenwerk opinion quoted above. Specifically, it pointed out that the district court enjoyed broad discretion in determining

> the proper approach to the conflicting factual claims that ordinarily arise when lack of personal jurisdiction is asserted. Fed. R. Civ. P. 12(d) grants a district court judge broad discretion in such cases to hear and decide the motion before trial or to defer the matter until trial. The district court may conduct such a hearing based solely upon papers or by a proceeding in which evidence is taken. Because the federal rules provide no statutorily prescribed course, the district court is free to decide the best way to deal with this question, and its choice may be set aside on appeal only upon a finding of an abuse of discretion.

> Whatever procedural path the district court chooses to follow determines the plaintiff's burden of proof and the standard to be applied on appeal. If the court chooses to rely on pleadings and affidavits, the plaintiff need only make a prima facie showing of personal jurisdiction over defendant. But if the court holds an evidentiary hearing – in a manner similar to determining the issue at trial – the plaintiff must demonstrate personal jurisdiction by a preponderance of the evidence.

806 F.2d at 364 (citations omitted).

As a practical matter, where the trial court's own jurisdiction over the defendants is at issue, and factual disputes exist, it will often be appropriate to defer resolution of the issue until the trial on the merits. In some cases, the issue may be resolved on summary judgment after full discovery. In still other cases, it will be appropriate to address the disputed factual issues after limited jurisdictional discovery. Where the court is instead addressing, at a very preliminary stage of the case, whether a transfer to another court is appropriate, there is much to be said for deferring the ultimate resolution of the issues. With respect to disputed legal issues, the transferee court will be more familiar with the long-arm statute of its forum state. With respect to disputed factual issues, the facts regarding the defendants' contacts with the forum will likely be more accessible, and the convenience of any witnesses whose testimony will need to be taken will be better served, if a hearing is to be held, if that hearing is held in the place where the contacts are alleged to exist.

This case exemplifies that observation. Plaintiff argues that under the Florida long-arm statute, the operation of an office in the state is sufficient to confer jurisdiction, and that defendant Occidental operates such an office. The United States District Court for the Southern District of Florida is surely deeply familiar with the Florida statute, and the alleged office is less than ten miles from the courthouse in that district. Conducting a hearing about the activities that take place in that office will obviously be much more convenient and effective in that district than in New York. There is no logical reason why this Court should exercise its discretion to resolve disputed fact questions by conducting an immediate hearing, rather than by relying on the pleadings and affidavits to determine whether a prima facie case for jurisdiction is made out, and deferring a final decision on jurisdiction until a later stage of the case. A definitive ruling can then be made in the transferee district.

Plaintiff has presented enough evidence to establish prima facie jurisdiction in Florida over Occidental. Despite defendant's denials, plaintiff submits sworn testimony that plaintiff has dealt with Occidental via an office in Miami, Florida and that plaintiff contacted sales representatives in that office to book Occidental hotels in both the Dominican Republic and in Mexico. (Rosenay Decl. ¶¶ 10-11.) Plaintiff also attests to the existence of an Occidental website, which represents that the same Miami office with which plaintiff dealt is Occidental's office in the United States. (Id. ¶ 10 & Ex. G.) The same website, according to plaintiff's sworn

testimony, represents that "Occidental Hotels & Resorts [is] represented in the USA by Allegro Resorts Marketing Corp." (Id. ¶ 9 & Ex. D.) Independent examination of that website confirms that the Occidental website states that Occidental is represented in the United States by Allegro, confirms that persons interested in booking group travel should contact "Allegro Resorts Marketing Corp. Group Department[,] Representing Occidental Hotels & Resorts in USA," and provides contact information for the same Miami Office cited by plaintiff. See www.occidentalhotels.com/group/contacts/asp (last visited on Feb. 27, 2009).

  While Occidental provides an affidavit from an officer that asserts in a general way that Occidental does not maintain an office in the United States (Giraldez Decl. ¶¶ 4-5), that affidavit does not specifically address the relationship between the defendant and the supposed Miami office, or explain the meaning of the website's representations. Moreover, while defendant attributes the office in Miami to Allegro (Joint Supp. Mem. at 7), plaintiff presents not only the above evidence that Allegro serves as Occidental's agent in the United States, but also evidence that the two corporations have since merged. (Rosenay Decl. ¶ 9 & Ex. E-F.) Whether or not Occidental sees itself as "hav[ing] an office" in Miami (Giraldez Decl. ¶ 5), plaintiff's evidence strongly suggests that the relationship is such as to satisfy the Florida long-arm statute. Contrary to defendant's argument, plaintiff does not "merely rest on unsupported allegations in its Complaint" (Joint Supp. Mem. at 5), but provides substantial evidence in support of its claims. Whether that evidence ultimately proves persuasive after a full presentation of contested factual issues is more appropriately decided by the District Court for Southern Florida.

  Defendant Sunsea presents a slightly different case. Plaintiff candidly acknowledges that it did not deal directly with Sunsea (Rosenay Decl. ¶ 12), and proffers no evidence that Sunsea did any business in the United States. Rather, plaintiff argues that it named Sunsea in its amended complaint only in response to Occidental's argument that Sunsea was "somehow united in interest with Occidental." (Id.) In its Supplemental Memorandum addressing the Florida jurisdictional question, however, plaintiff does not even mention Sunsea, and thus must be deemed to have abandoned any claim that Sunsea is appropriately sued in Florida. Under the circumstances, it is not in the interests of justice to transfer venue in the case insofar as it relates to Sunsea.

  Accordingly, for the reasons stated above, the motion to dismiss for lack of personal jurisdiction is granted with respect to defendant Sunsea, and denied with respect to defendant Occidental. The motion to transfer venue to the Southern District of Florida is denied as to Sunsea and granted as to Occidental.

  The Clerk is directed to terminate Sunsea from this case and transfer this matter to the United States District Court for the Southern District of Florida.

SO ORDERED:

Dated: New York, New York
       February 27, 2009

*[signature]*

GERARD E. LYNCH
United States District Judge